By the Court.
Sedgwick, Ch. J.
The learned counsel for appellant argues that there is no legal and sufficient evidence that the defendant was about to place a pole for the purpose of sustaining wires, in front of the house of plaintiff. This is argued because the allegations of the complaint on that subject are fully denied by allegations of the answer, and the affidavits for plaintiff on the point are fully met by affidavits for defendant. There are, however, two things that make a preponderance in favor of plaintiff. The first is, that the defendant had already placed, from point to point, from 11th to 23d streets on Broadway, poles and wires on them. The pole on Broadway and TTth street had the end of the wire twisted about it. The continuation of the line, in the direction it had already taken, would involve carrying the line in front of plaintiff’s house. These facts are to be connected with the second consideration, that the answer of defendant avers that by license or permit of the department of public works, “the defendant has been and is authorized and permitted to erect its poles and place wires thereon, upon Broadway in said city, at the several points and places mentioned in the complaint and in front of the premises therein described.” The answer, with the testimony, sufficiently proves that the object-of the incorporation of defendant and of the obtaining of the permit, was the pecuniary benefit to the defendant. It is to be inferred that the defendant was about to do that which it had obtained the permit to do.
The defendant also maintains that the use they were *286 about to make of the street was not inconsistent with the public use of the street, and therefore no property of the plaintiff would be taken, or right of property infringed. It may be assumed, while not necessary to decide, that the proposition of law involved is valid, yet the ground of fact is to be examined. Under certain acts specified in the answer, it avers, that by said acts it is authorized, among other things, to lay, etc., wires, etc., with the necessary poles, on, etc., the streets, etc., of cities, etc., for conducting and distributing electricity, etc., then it avers that its business is to furnish electric lights to the public ; that it lights various streets in the city of New York, under contract ; that it also furnishes lights to numerous individuals and corporations residing and carrying on business in said city, and that its said business cannot be carried on without the úse of said poles and wires. Its business,, that is, is to furnish light to the city corporation for the public fighting of the streets, and to private individuals to light private houses. The former may involve a public and ordinary use of the street; the latter would involve a use of the street for private purposes. On the plaintiff showing that the defendant, a private corporation, is about to obstruct the streets with poles, etc., it would appear prima facie, that it was without authority to do so. The defendant, to absolve itself from responsibility, must show the authority. Its evidence on this point is most general and does not show that every part of its proposed work is necessary or highly convenient for both the public and the private use. It is entirely consistent with the testimony, that the particular pole and wire that would be in front of plaintiff’s house, would not be necessary to the public use.
Order affirmed, with costs.
Truax, J., concurred.